**Davis Polk**

Benjamin S. Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

November 19, 2024

Re: *In re Purdue Pharma L.P.*, No. 24-CV-7042 (CM)

Hon. Colleen McMahon
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Your Honor,

I write on behalf of Purdue Pharma L.P. and its affiliated debtors (the "**Debtors**") in response to the State of Maryland's letter dated November 19, 2024.  Maryland's letter seeks no relief, but instead invokes the Federal Rule of Bankruptcy Procedure permitting a party to an appeal to bring to the appellate court's attention "pertinent and significant authorities"[1].  That rule plainly does not apply to the motion that Maryland attaches to its letter, a Motion the Debtors filed on Sunday, November 17 in the Bankruptcy Court, requesting an extension of the Mediation and Preliminary Injunction through January 9, 2024.

To the extent Maryland intends to impugn the Debtors' reasons for filing that motion on Sunday, the reasons for the motion are simple and obvious from the face of the Debtors' brief in support:

The preliminary injunction on appeal before Your Honor will expire on December 2, 2024—the first business day after the Thanksgiving holiday, and less than two weeks from today.  While the Co-Mediators' First Interim Status Report filed on November 12, 2024 (the "**Mediators' Report**") explained that the Preliminary Injunction remains "absolutely vital" to the mediation, it was only on Sunday, November 17, that ongoing developments in the Mediation and consultation with the Mediators and the Debtors' key stakeholders justified the Debtors seeking an additional extension of the Preliminary Injunction, just 9 days before a hearing on that motion scheduled for November 26, 2024.  Extensions of the Preliminary Injunction must be heard several days before expiration of the injunction to afford the Official Committee of Unsecured Creditors time to file and serve its draft complaint against the Debtors' Related Parties should the injunction not be extended.  The November 26 hearing—which was the last date the Bankruptcy Court was available before the Thanksgiving holiday—was scheduled weeks ago, and the parties were informed of the November 26 hearing date at the October 31, 2024 Hearing on the Debtors' Motion to Extend the Preliminary Injunction.  October 31, 2024 Hr'g Tr. 98:18-24.

By filing a motion to extend the preliminary injunction on November 17, the Debtors sought to provide sufficient and reasonable notice to potential objectors, such as the State of Maryland.  Acknowledging the fluidity of the Mediation, the Debtors explained that "if the Debtors believe by the time of the hearing on November 26 that the relief requested is no longer appropriate, they will tailor or withdraw the extension request."  Debtors Mem. L., Adv. Pro. ECF No. 592 at 2.  Had the Debtors taken the only other path available to them, and instead delayed filing until the state of the Mediation advanced further, the State of

---

[1] Fed. R. Bankr. P. 8014(f).

Maryland would have surely complained that its time to object had been unduly shortened. While the Debtors filed a Motion to Shorten the notice period for the motion, the Debtors preserved nearly the full objection period, shortening it from seven days to six days, five of which are business days. The Debtors shortened their period to reply to only a single business day and three total days.

The Debtors did not make the decision to file the extension motion lightly. As explained in the first paragraph of the motion, the "Debtors recognize that they seek this extension against the backdrop of prior extensions of the Preliminary Injunction, the pending decision of the District Court in an appeal of the recent extensions of the Preliminary Injunction, and the parties' long wait for much-needed funds for abatement and victim compensation." Debtors Mem. L., Adv. Pro. ECF No. 592 at 2. But as fiduciaries for all estate creditors, the Debtors have no choice but to seek to extend the Mediation—and the injunction that the Mediators believe to be "absolutely vital" to the Mediation.

As Your Honor observed at the November 14, 2024 hearing on Maryland's appeal of the 37th through 39th extensions of the Preliminary Injunction, the two-year timeframe during which the Debtors and key stakeholders obtained approval of a plan and settlement was "fairly remarkable for the size and the scope and the complexity of this bankruptcy." November 14, 2024 Hr'g Tr. at 88:7-11. It has been less than five months since the Supreme Court's decision finally foreclosed the prior plan, and the Mediation Parties are "hard at work" every day trying to get to a value maximizing plan—without nonconsensual third-party releases—that will bring these cases to a successful conclusion. (Mediators Report ¶ 5.)

Finally, if the State of Maryland's complaint is that the Debtors have not chosen to breach court-ordered mediation confidentiality by pleading the particulars of the developments in Mediation over the past few days, the Debtors note that, as the Second Circuit has explained, "Confidentiality is an important feature of the mediation and other alternative dispute resolution processes" and that court-ordered mediation confidentiality is "vigorously enforce[d] . . . because we believe that confidentiality is 'essential' to [mediation's] effectiveness". *In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011). The Debtors are simply not at liberty to disregard court orders or to undermine confidentiality that is essential to a successful mediation, and hope that subsequent reports of the Mediators will more fully explain the incremental progress made since the parties were before Your Honor on November 14.

To the extent that the Debtors' motion to extend the preliminary injunction through January 9 is granted after the trial court considers the briefing, any objections, and evidence in support of the motion, Maryland (and all parties) will have an opportunity to appeal based on the then-extant record.

Respectfully yours,

*/s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky

Attachment

**Electronic Filing**